## RECORD NO. 14-4375

### IN THE
### UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

**UNITED STATES OF AMERICA,**

**Plaintiff - Appellee,**

**v.**

**WILLIAM A. WHITE,**

**Defendant - Appellant.**

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
AT ROANOKE**

_____

### REPLY BRIEF OF APPELLEE
_____

**TIMOTHY J. HEAPHY**
**United States Attorney**

**JENNIFER R. BOCKHORST**
**Assistant U.S. Attorney**
**LAURA DAY ROTTENBORN**
**Assistant U.S. Attorney**
**180 West Main Street**
**Abingdon, Virginia 24210**
**(276) 628-4161**
*Counsel for Appellee*

# <u>TABLE OF CONTENTS</u>

<u>Page No.</u>

TABLE OF AUTHORITIES ...................................................................ii

STATEMENT OF THE ISSUES ..........................................................1

STATEMENT OF THE CASE AND FACTS .......................................1

SUMMARY OF THE ARGUMENT ....................................................4

ARGUMENT .......................................................................................5

I.     THE DISTRICT COURT DID NOT PLAINLY ERR BY
NOT GROUPING THE COUNTS OF CONVICTIONS
PURSUANT TO U.S.S.G. § 3D1.2 ........................................5

     A. Standard of Review ........................................................5

     B. Legal Background ............................................................6

     C. Even if the district court misconstrued the scope of
U.S.S.G. § 3D1.2(d), reversal is not justified ...................9

     D. The district court did not commit plain err by not grouping
the offenses ....................................................................11

CONCLUSION ..................................................................................15

CERTIFICATE OF COMPLIANCE....................................................16

CERTIFICATE OF SERVICE ...........................................................17

i

# <u>TABLE OF AUTHORITIES</u>

**<u>CASES:</u>**                                                    **<u>Page No.</u>**

*Supreme Court*

*Puckett v. United States*, 556 U.S. 1294 (2009) ......................................5

*R.A.V. v. City of St. Paul, Minn.*, 505 U.S. 377 (1992).........................12

*United States v. Olano*, 507 U.S. 725 (1993) ..........................................6


*Court of Appeals*

*United States v. Carthorne*, 726 F.3d 503 (4th Cir. 2013) ............................5, 6, 13

*United States v. Collins*, 372 F.3d 629 (4th Cir. 2004) ..........................9

*United States v. Hastings*, 134 F.3d 235 (4th Cir. 1998)........................6

*United States v. Martinez*, 277 F.3d 517 (4th Cir. 2002)........................6

*United States v. Walker*, 112 F.3d 163 (4th Cir. 1997) ..........................5

*United States v. Wessells*, 936 F.2d 165 (4th Cir. 1992) ......................10

*United States v. Thomas*, 155 F.3d 833 (7th Cir. 1998) ........................13

*United States v. Williams*, 340 F.3d 1231 (11th Cir. 2003).........................9, 10, 12


*Other*

U.S.S.G. § 2A6.1.................................................................................8, 13

U.S.S.G. § 2B3.2.....................................................................................13

U.S.S.G. § 3D1.1................................................................................6

U.S.S.G. § 3D1.2.................................................................. 7, 8, 11, 12

U.S.S.G. § 3D1.3................................................................................6

U.S.S.G. § 3D1.4................................................................................7

iii

## STATEMENT OF THE ISSUES

Whether the district court plainly erred in calculating the sentencing guideline range by not grouping the counts of conviction pursuant to U.S.S.G. § 3D1.2.

## STATEMENT OF THE CASE AND FACTS

William A. White filed his Brief of Appellant on September 12, 2014. ECF No. 23. The United States filed its Brief of Appellee on October 27, 2014. On November 3, 2014, White moved for leave to raise a sentencing issue for the first time in his reply brief. ECF No. 34. The United States did not object. White's motion was granted on November 3, 2014. ECF No. 37. He filed a reply brief on November 19, 2014, raising the claim the district court plainly erred by failing to group the offenses under U.S.S.G. § 3D1.2. ECF No. 29. The United States was given leave to file a reply brief addressing the sentencing issue. *See* ECF No. 42.

As is set forth in the United States' Brief of Appellee, White was convicted of three counts of communicating interstate extortionate threats, in violation of 18 U.S.C. §875(b) and one count of communicating interstate a treat to injure, in violation of 18 U.S.C. § 875(b). Brief of Appellee at 12.

In the March 18, 2014 Revised Presentence Report ("PSR"), the probation office calculated White's total offense level to be 26, with a criminal history

1

category IV, resulting in a sentencing range of 92 to 115 months.[1]  In reaching that

determination, the probation office did not group the offenses, writing instead that

"[p]ursuant to USSG § 3D1.2(d) the offenses are excluded from grouping."  JA at

1162.  The multiple count adjustment, applied pursuant to U.S.S.G. § 3D1.4,

resulted in a four level increase in offense level.[2]  JA at 1163.

On March 20, 2014, White filed a sentencing memorandum raising

objections to the PSR.  JA at 1083-1101.   Not only did he fail to object to the lack

of grouping, he, in fact, affirmed the guidelines were correctly calculated, writing:

"The probation officer correctly determined that because these counts include

extortionate threats they are not subject to 'grouping' under the Guidelines."  JA at

1084.  He then sought a downward variance on the grounds, *inter alia*, that the four

counts of conviction "were parts of a common scheme or plan," and, in essence,

should be grouped.  *Id.*  He asserted "[t]he Court should redress the unavailability

of 'grouping' by varying downward," and specifically asked the Court to sentence

him as if the counts were "deemed a single, unified course of conduct for purposes

of punishment."  *Id.*

---

[1] Citations to the Joint Appendix are referenced with "JA at _____."

[2] Pursuant to U.S.S.G. § 3D1.3, had the counts been grouped, the highest offense level of the counts in the Group would have been used, which was a level 22.  The sentencing range would then have been 63-78 months.

The United States also filed a Sentencing Memorandum on March 20, 2014, arguing White was subject to the career offender provision, U.S.S.G. § 4B1.1, and, in the alternative, an upward variance should be imposed to a sentence of at least 210 months for various reasons, including to reflect the seriousness of the crime and White's extensive criminal history.  JA at 1098-99.

White responded to the government's career offender argument in a Reply Sentencing Memorandum filed on April 24, 2014.  JA at 1102-05.

In the Addendum to the Presentence Report, the probation office set forth its position on the various guideline objections raised by the parties.  JA at 1171-72.

At the sentencing hearing, held on May 1, 2014, White, through counsel, affirmed his only outstanding objection to the report was to the application of the obstruction of justice enhancement.  JA at 1109.  The court heard evidence and arguments as to the obstruction of justice and career offender provisions.  JA at 1110-1131.  White then renewed his request for "the Court to vary or depart below [the guideline range] as stated in our memo, particularly the grouping."  JA at 1131-32.  He reaffirmed that "grouping doesn't apply," but argued the guidelines were too high because of the failure to group.  JA at 1132-33.  White specifically asked for a sentence of "no more than four years."  JA at 1134.

After hearing all of the argument as to the guideline calculations and the appropriate sentence, the court articulated the sentencing guideline calculation as to each count and affirmed the final guideline range was 92 to 115 months. JA at 1140. The court affirmed it had read the parties' submissions, considered the appropriateness of both upward and downward variances, and concluded that a 92 month sentence was appropriate. JA at 1140, 1141.

## SUMMARY OF THE ARGUMENT

White's claim that the district court erred in calculating the Sentencing Guideline range by failing to group the counts of conviction is reviewed for plain error. Because grouping determinations are a question of law, subject to *de novo* review when properly preserved, the question before this Court is whether the determination not to group the counts was plain error—not whether the district court's rationale for not grouping was erroneous. How the district court arrived at that determination is irrelevant.

The district court did not err by not grouping the counts under U.S.S.G. § 3D1.2 as the extortionate threats sent on separate days are not "the same act or transaction" and do not represent "one composite harm." Even if this Court determines the counts should have been grouped, the error was not plain, as no binding authority dictates a result. Additionally, White's rights were not

4

substantially affected.  White moved for a downward variance on the grounds that the lack of grouping unfairly increased his guideline range.  Because the district court considered and rejected his motion, even if the district court erred in its grouping determination, White cannot establish prejudice.

## **ARGUMENT**

I.     THE DISTRICT COURT DID NOT PLAINLY ERR BY NOT GROUPING THE COUNTS OF CONVICTIONS PURSUANT TO U.S.S.G. § 3D1.2.

      A.     Standard of Review

      Where an issue is not properly preserved at sentencing, it is reviewed for plain error.  *United States v. Walker*, 112 F.3d 163, 166 (4th Cir. 1997).  As this Court has recently noted, appellate courts are to guard "against the 'reflexive inclination' to reverse unpreserved error . . . [a]s a result, relief on plain error review is 'difficult to get, as it should be.'"[3]  *United States v. Carthorne*, 726 F.3d

---

[3] At times, this Court has previously employed a relaxed standard of plain error review when reviewing sentencing issues.  *See*, *e.g., United States v. Sofsky*, 287 F.3d 122, 125 (4th Cir. 2001) (contrasting errors which, when noticed, result in a new trial versus only a new sentencing hearing).  As *Carthorne* implicitly acknowledges, use of this relaxed standard in sentencing appeals appears to have been abrogated by the Supreme Court in *Puckett v. United States*, 556 U.S. 129 (2009).  *Carthorne*, 726 F.3d at 510.  In *Puckett*, the Court explained "[t]his limitation on appellate-court authority serves to induce the timely raising of claims and objections," ensuring issues are raised in the district court where they are generally best adjudicated; and, "prevents a litigant from 'sandbagging' the court—remaining silent about his objection and belatedly raising the error only if the case does not conclude in his favor."  556 U.S. at 134.

5

503, 510 (4th Cir. 2013) (quoting *Puckett v. United States*, 556 U.S. 129, 134 (2009) (additional citations omitted)).  This Court will notice an error "only if the defendant can demonstrate (1) that an error occurred, (2) that it was plain error, and (3) that the error was material or affected the defendant's substantial rights." *United States v. Martinez*, 277 F.3d 517, 524 (4th Cir. 2002).  An error is "plain" only if it is "clear" or "obvious," *i.e.*, "the settled law of the Supreme Court of this circuit establishes that an error has occurred." *Carthorne*, 726 F.3d at 516.  An error affects substantial rights only if it was prejudicial to the defendant. *United States v. Hastings*, 134 F.3d 235, 240 (4th Cir. 1998).  The burden is on the defendant to show that his substantial rights were affected. *Id.*

Even when all three criteria are met, reversal is not automatic.  This Court exercises its discretion to correct the error "only if the 'error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Martinez*, 277 F.3d at 524 (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)).

B.   <u>Legal Background</u>

When determining the offense level in a case with multiple counts of conviction, the Sentencing Guidelines require the court to first determine whether the counts should be grouped "into distinct Groups of Closely Related Counts ("Groups") by applying the rules specified in §3D1.2".  U.S.S.G. § 3D1.1(a)(1).

6

The court then determines the offense level for each Group by applying § 3D1.3.

The combined offense level is determined by applying § 3D1.4.  U.S.S.G. §

3D1.1(a)(2)-(3).

Section 3D1.2, which is used to determine whether to group counts, dictates

that "[a]ll counts involving substantially the same harm shall be grouped together

in a single Group."  U.S.S.G. § 3D1.2.  Counts are deemed to "involve

substantially the same harm within the meaning of this rule" if they meet one of

four criteria:

> (a) When counts involve the same victim and same act or transaction.
>
> (b) When counts involve the same victim and two or more acts of transactions connected by a common criminal objective or constituting part of a common scheme or plan.
>
> (c)  When one of the counts embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to another of the counts.
>
> (d)  When the offense level is determined largely on the basis of the total amount of harm or loss, the quantity of a substance involved, or some other measure of aggregate harm, or if the offense behavior is ongoing or continuous in nature and the offense guideline is written to cover such behavior.

U.S.S.G. § 3D1.2.  Under subsection (d), there are two lists of guideline sections.

The subsection directs that all offenses covered by the first list "are to be grouped,"

and all offenses covered by the second list are "[s]pecifically excluded from the

operation of this subsection," *i.e.*, they are not grouped under subsection (d). *Id.*

Amongst those excluded from subsection (d) are "all offenses in Chapter Two, Part

(except § 2A3.5)."[4]  The final sentence of subsection (d) clarifies that "[e]xclusion

of an offense from grouping under this subsection does not necessarily preclude

grouping under another subsection." *Id.*

The Application Notes provide commentary on the applicability of each of

the subsections.   Application Note 3 explains that under subsection (a), "counts

are to be grouped together when they represent essentially a single injury or are

part of a single criminal episode or transaction involving the same victim."

U.S.S.G. § 3D1.2, App. Note 3.  Application Note 4 addresses subsection (b) and

explains that "counts that are part of a single course of conduct with a single

criminal objective and represent essentially one composite harm to the same victim

are to be grouped together, even if they constitute legally distinct offenses

occurring at different times."  U.S.S.G. § 3D1.2, App. Note 4.  Offenses "that

cannot be considered to represent essentially one composite harm" are excluded

---

[4] Additionally, notwithstanding its inclusion in the list of excluded offenses,
U.S.S.G. § 2A6.1 "Threating or Harassing Communications; Hoaxes; False Liens",
which applies to convictions under 18 U.S.C. 875(c) (non-extortionate threats),
requires grouping of certain offenses.  It provides for a two level increase if the
offense involves more than two threats and requires the grouping of multiple
counts involving threats to the same victim.  U.S.S.G. § 2A6.1(b)(2)(A) & App.
Note 3.

8

from grouping under subsection (b). *Id.* Examples of excluded offenses include "robbery of the same victim on different occasions" and "two counts of rape for raping the same person on different days," as these crimes create "multiple, separate instances of fear and risk of harm, not one composite harm." *Id.*

C.    Even if the district court misconstrued the scope of U.S.S.G. § 3D1.2(d), reversal is not justified.

Because the PSR refers only to Section 3D1.2(d) in addressing the grouping of convictions, White argues the probation office misinterpreted Section 3D1.2(d) as establishing a *per se* exclusion from grouping of any convictions under 18 U.S.C. § 875(b). Because White had affirmed the grouping rules were properly applied, the district court was silent as to the reasons it chose not to group the offenses. White argues this Court should construe that silence as establishing the district court relied upon this apparent misinterpretation of law in the PSR. He asserts this alone establishes reversible plain error.

The decision to group offenses is *not* a fact-specific determination which requires detailed factual findings by the district court to allow for appellate review. Resolution of this issue is not dependent upon the reasoning of the district court at all. Whether or not offenses are grouped "turn[s] primarily on the contents of the indictment and interpretation of the sentencing guidelines, areas for which [the appellate courts] are not especially dependent on district courts." *United States v.*

9

*Williams*, 340 F.3d 1231, 1240 (11th Cir. 2003).  When properly preserved, it is a

matter reviewed *de novo*.  *Id.*; *see also United States v. Collins*, 372 F.3d 629, 636

(4th Cir. 2004) ("[D]etermination of [correct application of grouping rules] does

not call on us to review the district court's factual findings, which we affirm unless

clearly erroneous . . . . Rather the Government raises a legal issue—whether the

district court properly interpreted the Sentencing Guidelines—which we review de

novo."); *United States v. Wessells*, 936 F.2d 165, 168 (4th Cir. 1992) (reviewing

grouping determination *de novo* as it involves "the legal interpretation of

Guidelines terminology and the application of that terminology to a particular set

of facts").  Under *de novo* review, as the Eleventh Circuit has aptly explained, this

Court does not need to rely upon factual findings by the district court to fully

review this issue:

> [T]he question of whether charges should have been grouped
> differently seems 'primarily' one of law rather than of fact.  We need
> not rely on the district court's factfinding, because the charges of
> which defendant was convicted are clearly set forth in the indictment.
> To resolve this issue, we merely must interpret and apply § 3D1.2's
> standards to these charges.  Moreover . . . this case does not involve
> an overly complex or unique fact pattern that will render our decision
> of little value in future cases. Thus, we need not afford the district
> court's ruling any special deference, and we review its ruling *de novo*.

*Williams*, 340 F.3d at 1244 (considering whether offenses should have been

grouped under U.S.S.G. § 3D1.2(a) or (b)).

10

As factual findings are unnecessary for this Court to conduct a *de novo*

review, it is irrelevant how the district court reached its decision.   Because

resolution of this issue is not dependent upon the factual findings and reasoning of

the district court, automatic reversal is not necessary even if the district court did

rely upon a misinterpretation of the Guidelines.[5]  Thus, contrary to White's

assertion, but consistent with the principles of *de novo* review, this Court should

review the district court's  grouping determination—not the means by which the

district court arrived at that determination.

      D.     <u>The district court did not commit plain error by not grouping the offenses.</u>

White argues his counts of convictions should have been grouped under

U.S.S.G. §§ 3D1.2(a) and 3D1.2(b).  He is incorrect as to both subsections.

Subsection (a) states that counts "involve substantially the same harm" and

should be grouped when they "involve the same victim and the same act or

transaction."  U.S.S.G. § 3D1.2(a).  While it is clear each count of conviction in

---

[5]The United States does not concede that the district court relied upon a mistake of law in determining the guideline range.  Judge James C. Turk, who imposed the sentence in this case, took the bench in 1972.  While it is possible he relied upon the apparent misunderstanding of U.S.S.G. § 3D1.2(d) set out in the PSR, it is equally plausible that, after forty-one years on the bench, he was sufficiently familiar with Section 3D1.2 to conclude for himself that the offense should not be grouped under any of the subsections without the assistance of the PSR's brief explanation.

this case involves the same victim, they do not involve "the same act or transaction." Counts are considered part of "the same act or transaction" if "they represent essentially a single injury or are part of a single criminal episode or transaction involving the same victim." U.S.S.G. § 3D1.2, App. Note 3. For this subsection to be applicable, the acts must be "committed in the same general area and at approximately the same time." *Williams*, 340 F.3d at 1244. There was only a single victim, but she received threatening emails on four separate days, with a full eight days passing between the third and fourth emails.[6] Thus, the crimes were not committed in a single episode or at approximately the same time, and they do not represent a single injury.

Subsection (b) is equally inapplicable. It requires grouping when the offenses "involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan." U.S.S.G. § 3D1.2(b). "This provision does not authorize the grouping of offenses that cannot be considered to represent essentially one composite harm," which includes offenses that create "multiple, separate instances of fear and risk of harm." *Id.*, App. Note 4. Extortionate threats of violence are outside the First Amendment and subject to criminalization in part because they create "the fear of

---

[6] The threatening emails were sent on May 27, May 28, May 29, and June 7, 2012. JA at 1159-60.

12

violence, . . . the disruption that fear engenders, and . . . the possibility that the threatened violence will occur." *R.A.V. v. City of St. Paul, Minn.*, 505 U.S. 377, 388 (1992). Each email sent to Meghan White was intended to create a separate instance of fear in an attempt to make her pay the money White wanted. She was separately and distinctly victimized on each occasion. In addition, in the May 27 and June 7 emails, White sought not only $500, but also access to his daughter, which is a separate extortion. Because there is not a single composite harm resulting from the offenses, they were properly not grouped.

Even were this Court to determine that the offenses should have been grouped under subsections (a) or (b), the resulting error is not plain. For an error to be plain, it must be "clear" or "obvious." *Carthorne*, 726 F.3d at 516. There is no binding authority for the proposition that multiple violations of 18 U.S.C. § 875(c) must, or even can, be grouped, and thus any error is not clear or obvious. What case law does exist appears only to apply to offenses whose guideline level is determined by U.S.S.G. § 2A6.1. *See, e.g., United States v. Thomas*, 155 F.3d 833, 840 (7th Cir. 1998). Section 2A6.1 specifically provides for an increase in offense level for offenses involving more than two threats <u>and</u> specifically provides in the Application Notes that multiple counts involving the same victim are grouped. U.S.S.G. § 2A6.1(b)(2) & App. Note 3. The Application Notes also establish that

13

upward departures may be warranted if there are substantially more than two threats or the threats continue for a prolonged period of time.  U.S.S.G. § 2A6.1, App. Note 4(B).  In contrast, U.S.S.G. § 2B3.2, which applies to three of White's four counts of conviction, has no offense level increase for multiple threats and does not expressly call for grouping.  If White is correct, and the counts should have been grouped, then he would suffer no enhancement of penalty under the Guidelines for having made multiple threats.  Because such an outcome seems contrary to the intent of the Guidelines, it is far from "obvious" that the district court erred.  White cannot establish any potential error was plain.

White also cannot establish his substantial rights were affected. In his Sentencing Memorandum, White asked for a downward variance on the grounds that his crimes were part of a common scheme and plan and the lack of grouping of his convictions unjustifiably inflated his Guideline range.  He asked to be sentenced as if the counts were grouped, but the district court rejected his motion for a downward variance.  In light of the court's affirmative conclusion that a lower sentence was insufficient, White cannot establish his rights were substantially affected.

14

Finally, for all of these reasons, even if this Court determines that White established plain error, that error should not be noticed as it does not seriously affect the fairness, integrity or public reputation of judicial proceedings.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court affirm the judgment and sentence imposed by the district court.

Respectfully submitted,

TIMOTHY J. HEAPHY
United States Attorney

s/ Jennifer R. Bockhorst
Assistant U.S. Attorney
U.S. Attorney's Office
180 West Main Street
Abingdon, VA 24210
TN Bar No. 021395

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief has been prepared using fourteen point, proportionally spaced, serif typeface – Microsoft Office Word 2007, Times New Roman, 14 point, and is in compliance with Fed. R. App. R. P. 32(a)(7)(B).

This brief contains 15 pages and approximately 3,508 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(ii), and is in compliance with Fed. R. App. P. 32(a)(7)(B).

I understand that a material misrepresentation can result in the Court striking the brief and imposing sanctions.

<u>s/ Jennifer R. Bockhorst</u>
Assistant United States Attorney
TN Bar No. 021395

16

## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 22, 2014, I electronically filed the foregoing

motion of Appellee with the Clerk of the Court using the CM/ECF System, which

will send notice, and constitute service, of such filing to the following registered

CM/ECF user(s):  Paul G. Beers, Counsel for the Appellant.


<u>s/ Jennifer R. Bockhorst</u>
Assistant U.S. Attorney
TN Bar No. 021395

17